IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IANA PRICE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2867-M-BH |
| | § | |
| UNITED STATES OF AMERICA | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSION AND RECOMMENDATION

Before the Court are *Defendant's Motion for Summary Judgment*, filed July 30, 2020 (doc. 41), and *Plaintiff's Motion for Leave to File First Amended Complaint*, filed September 4, 2020 (doc. 51). Based on the relevant filings and applicable law, the defendant's motion for summary judgment should be **GRANTED**, the plaintiff's claim under Federal Rule of Criminal Procedure 41(g) should be **DISMISSED with prejudice**, and she should be afforded an opportunity to amend her complaint to assert a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Her motion for leave to file a first amended complaint should be **DENIED as moot**.

## I. BACKGROUND

Iana Price (Plaintiff) sues the United States of America (Defendant) for the return of property seized during the execution of a search warrant at a cellular telephone business, KGB Outpost. (doc. 1.)

On May 4, 2016, Plaintiff's husband, James E. Price, II (Husband), was indicted in the Eastern District of Texas (EDTX) on one count of conspiracy to traffic stolen goods in interstate

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

commerce and aiding and abetting in violation of 18 U.S.C. § 371 and § 2. (doc. 43 at 4-13.)[2] The indictment alleged that the primary objective of the conspiracy was to traffic in stolen Samsung LCD screens for cellular telephones, which were stolen from cargo trucks transporting scrap LCD screens belonging to Samsung Electronics of America, Inc. (Samsung) to its warehouses. (*Id*. at 6-7.) The cargo thefts were alleged to have been primarily funded by Husband. (*Id*. at 6.)[3]

On May 12, 2016, federal agents and officers from the Dallas Police Department (DPD) executed several search warrants, including one at KGB Outpost. (doc. 43 at 22, 28, 33, 37.) On November 8, 2018, Plaintiff filed her *pro se* motion for the return of property under Federal Rule of Criminal Procedure 41(g) in the EDTX criminal case. (*See* doc. 1.)[4] In it, she alleged that KGB Outpost was her cellular telephone business, Defendant seized a large amount of property from it in connection with the investigation of Husband, she was issued an inventory slip listing the property seized, it was later made clear that the business was not connected to the investigation, and a number of seized items were returned to her. (*See id*. at 1-3.) She also claimed that despite several requests, "a large amount of equipment has yet to be returned [and] is valued at approximately $102,645.00." (*See id*.) Attached to the motion is a federal search warrant inventory listing twelve items, including computers, a tablet, a video recorder, documents, a thumb drive, and a label maker; and a thirteenth item consisting of "9

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Husband appears to have pleaded guilty, and by judgment dated October 25, 2017, he was sentenced to 24 months of imprisonment to be followed by a three-year term of supervised release. (*See* doc. 43 at 15-16.) He was also ordered to pay restitution to Samsung in the amount of $2,708,280.00. (*See id.* at 20.)

[4] Because the criminal case had concluded, the motion was construed as a civil action and transferred to this district. (*See* docs. 21, 26.)

Boxes/phones/Screens/Samsung" (9 Boxes).[5]  (*See* doc. 1-1 at 2.)

On July 20, 2020, Defendant moved for summary judgment on grounds that all property seized by federal agents from KGB Outpost has either been returned to Plaintiff or administratively forfeited. (*See* docs. 41; 42 at 1, 5-7.) It submitted declarations which establish that during the execution of the search warrants on May 12, 2016, federal agents "took responsibility for items with potential evidentiary value in the anticipated federal criminal prosecution, while DPD took responsibility for items that were identified as stolen property to be returned to Samsung[.]" (doc. 43 at 22.) "[A] Samsung representative [was] standing by . . . to identify and receive back any property identified as Samsung stolen property." (*Id.* at 23.) Federal agents took custody of twelve items, including computers, a tablet, a video recorder, documents, a thumb drive, and a label maker.  (*Id*. at 23-32, 35-39.)  The label maker was administratively forfeited, and the other eleven items were later returned to Plaintiff. (*Id*.) A DPD property receipt shows that "9 Boxes [of] Cellphones, Batteries, Cell Phone Parts" seized from KGB Outpost were returned to their owner through its representative. (*Id.* at 33-34.) "[H]undreds of boxes of cell phones and cell phone parts discovered in multiple locations during the May 12, 2016 searches were returned to Samsung by DPD."  (*Id.* at 23.)  There is no indication that the 9 Boxes were taken into federal custody. (*Id*. at 23, 28, 33, 37-39.)

Plaintiff did not submit any controverting evidence in response to the summary judgment motion, and she concedes that the twelve items for which Defendant has custody receipts were either returned to her or administratively forfeited.  (*See* doc. 56 at 2-3.)  As for the 9 Boxes, she argues that the fact that Defendant "does not possess the property does not establish that they are

---

[5] A fourteenth listed item consisting of "USPS packaging" is not at issue in this case.

unable to retrieve it," and that because "this was a federal investigation, DPD "was acting under the guise of the federal agents." (doc. 56 at 3, 4, 5.)

On September 4, 2020, Plaintiff moved for leave to amend her complaint to "streamline the allegations in the pervious complaint, adding . . . applicable law and relevant facts" and "causes of action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and Plaintiff's due process violations under the 5th Amendment and 18 U.S.C. §983 [sic]." (doc. 51 at 1, 2.) Defendant responded on September 18, 2020, asserting that "in similar Rule 41(g)-type cases, plaintiffs have been afforded leave to amend only *after* the court has disposed of the Rule 41(g) motion . . . based on a conclusion that the property is not available to be returned," and that amendment is "is premature at this time." (doc. 57 at 3 (*emphasis original*).) If the motion is granted, it contends, then Plaintiff would have the opportunity to seek leave to amend to assert a *Bivens* claim or other claim as for monetary damages. (*Id.* at 3-4.) Defendant does not argue that leave to amend should be denied as futile.

## III. SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's Rule 41(g) claim on grounds that it does not have possession of the items she seeks to have returned. (doc. 42 at 2, 8.)

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material

fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir. 1995), *revised on other grounds*, 79 F.3d 1415 (5th Cir. 1995) (en banc). "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468–69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)),

5

neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Here, Defendant presents evidence showing that the property Plaintiff seeks in her Rule 41(g) motion is not in its possession. According to the declarations, eleven of twelve items seized from KGB Outpost by federal agents were returned to her, and the twelfth item was administratively forfeited. The 9 Boxes were not taken into federal custody and were returned or

6

released to a Samsung representative by DPD. Defendant has met its summary judgment burden.

The burden now shifts to Plaintiff to identify evidence of record raising a genuine issue of material fact regarding whether Defendant possesses the property she seeks. She concedes that eleven seized items have been returned to her, and that a twelfth item was administratively forfeited. With regard to the 9 Boxes she still seeks, however, she points to no competent summary judgment evidence showing that Defendant has possession or control of them. Her bare assertion that it "has not shown that [it is] unable to retrieve [them]" is not enough to create a genuine issue of material fact. She must "set forth specific facts showing that there is a genuine issue for trial," not just rest upon "mere allegations or denials." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (quotations omitted). She has failed to meet her burden to identify a genuine issue of material fact concerning the Defendant's possession of the property.

"[T]he government cannot return property it does not possess[.]" *Bailey,* 508 F.3d at 740; *see also Jaramillo v. United States*, No. 418CV00266MACCAN, 2018 WL 3849854, at *2 (E.D. Tex. July 10, 2018), *report and recommendation adopted,* No. 4:18CV266, 2018 WL 3845926 (E.D. Tex. Aug. 13, 2018) (denying the plaintiff's Rule 41(g) motion for return of property that was in possession of the Dallas Police Department). Because Plaintiff failed to identify a genuine issue of material fact concerning Defendant's possession of the property she seeks to have returned, her motion for the return of property should be denied, and its motion for summary judgment should be granted. *See Jaramillo–Gonzalez v. United States,* 397 F. App'x 978, 981 (5th Cir. 2010) (affirming grant of summary judgment where the plaintiff sought return of property that had been destroyed); *Bailey,* 508 F.3d at 740 (stating that a motion for return of property should be denied if the district court found that the government no longer possesses the

7

property); *Peña v. United States,* 157 F.3d 984, 987 (5th Cir.1998) (finding that Rule 41 motion for return of property that had been destroyed was properly denied).

### III. OPPORTUNITY TO AMEND

The Fifth Circuit has held that where a plaintiff seeks the return of property that has been destroyed, he may then seek monetary damages for the destroyed property under *Bivens,* which provides for an action for monetary damages against a federal official or officials for the alleged violation of a person's constitutional rights. *See Jaramillo–Gonzalez,* 397 F. App'x at 981. Where a plaintiff does not initially state a claim for monetary damages, he should be given an opportunity to amend his complaint to add a *Bivens* claim. *Id.; see also Pena*, 157 F.3d at 987 (plaintiff should be given an opportunity to amend to add a *Bivens* claim because he was not on notice of this potential claim until the government confirmed that the items sought had been destroyed). Although Defendant is correct that sovereign immunity bars monetary relief sought from the federal government, it does not bar relief from individual federal actors under *Bivens*. *See Bailey*, 508 F.3d at 740. Defendant does not specifically allege that amendment of the complaint to allege a *Bivens* claim would be futile.[6] Accordingly, Plaintiff should be given an opportunity to file an amended complaint asserting a claim for monetary damages under *Bivens*.

### IV. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED,** Plaintiff's claim under Rule 41(g) should be **DISMISSED with prejudice**, and she should be afforded an

---

[6] A civil rights action under 42 U.S.C. § 1983 is the counterpart to a *Bivens* action and extends to parties injured by state actors. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). Texas law provides adequate state post-deprivation remedies, including a state action against the state actor for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994)). Because Plaintiff has available state post-deprivation remedies, any § 1983 claim against DPD would be subject to dismissal for failure to

opportunity to amend her complaint to assert a *Bivens* claim no later than thirty days after the date of this recommendation, or by some other deadline set by the Court. Plaintiff's motion for leave to file her first amended complaint should be **DENIED as moot**.

**SO RECOMMENDED**, on this 8th day of February, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

state a claim under Rule 12(b)(6). *See Briggs v. Miss.*, 331 F.2d 499, 508 (5th Cir. 2003) (stating that an amendment would be futile if such amended complaint "could not survive a Fed. R. Civ. P. 12(b)(6) motion").