### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IANA PRICE, | § | |
| **Plaintiff,** | § | |
| vs. | § | Civil Action No. 3:19-CV-2867-M-BH |
| | § | |
| JARRED CRONENWORTH, et al., | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims against the unserved defendants should be **DISMISSED without prejudice**.

## I.  BACKGROUND

On November 8, 2018, Iana Price (Plaintiff) filed a *pro se* motion for the return of property under Federal Rule of Criminal Procedure 41(g) in the Eastern District of Texas, seeking the return of property seized in this district in connection with her husband's indictment in the Eastern District of Texas. (*See* doc. 1 at 1.)[2]  After she was notified that the case was subject to dismissal for want of prosecution, she ultimately served the United States in April 2019, and it moved to dismiss the action on July 15, 2019.  (*See* docs. 3, 7, 9, 14.)  Because her husband's criminal case had concluded at the time she filed suit, her motion was construed as a civil action and transferred to this district on December 3, 2019. (*See* docs. 21, 26.)

A scheduling order was issued in this district on December 30, 2019, and the deadlines in that order for filing mediation and motions were subsequently extended.  (*See* docs. 34, 37, 40.)  On July 30, 2020, the government timely moved for summary judgment. (See doc. 41.)  After counsel entered

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

an appearance on her behalf, Plaintiff sought and received three extensions of time to respond to the summary judgment motion. (*See* docs. 45-50, 52, 55.) She also moved for leave to amend her complaint. (See doc. 51.) The government's summary judgment motion was granted on March 8, 2021, and Plaintiff's claim under Rule 41(g) was dismissed with prejudice, but she was given an opportunity to amend her complaint to assert claims against the individual agents who seized the property. (*See* docs. 59, 61.) On August 6, 2021, Plaintiff was granted leave to file a second amended complaint, and her proposed amended complaint naming two agents in their individual capacities as defendants was filed. (*See* docs. 69, 70.)

By order dated November 29, 2021, Plaintiff was ordered to file a valid return of service on the individual defendants, or show cause in writing as to why service could not be made on them, no later than December13, 2021. (*See* doc. 71.) The order explained that because more than 90 days had passed since she filed her amended complaint against the individual defendants, but she had failed to file valid returns of service for them, the action was subject to dismissal under Fed. R. Civ. P. 4(m). (*Id.*) The order expressly stated that if Plaintiff failed to comply with order, dismissal of the case against the individual defendants would be recommended without further notice. (*Id.*) On December 13, 2021, she filed a response stating that she had been unsuccessful in locating the defendants, but that she had retained an investigator to find and serve them and that she was confident that service could be effected in six weeks. (*See* doc. 72.)

By order dated March 25, 2022, Plaintiff was again ordered to file a valid return of service on the individual defendants, or show cause in writing as to why service could not be made on them, no later than April 18, 2021. (*See* doc. 73.) On April 5, 2022, without seeking leave, she filed another amended complaint adding a third individual agent as a defendant. (*See* doc. 75.) She did not file a

response to the March 25 order.  By electronic order dated May 31, 2022, a status conference was scheduled for June 14, 2022.  (*See* doc. 77.)  Plaintiff's counsel did not confirm his appearance or appear for the conference. (*See* doc. 78.)

## II.  RULE 4(m)

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that the defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service of process must be made within 90 days of filing a complaint, or the action is subject to sua sponte dismissal without prejudice. Fed. R. Civ. P. 4(m).

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m).  Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the

time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since Plaintiff filed her latest amended complaint, but she has still not accomplished service on the individual defendants or obtained waivers from them. She has twice been ordered to file a valid return of service or show cause in writing as to why service could not be made on them. Plaintiff did not respond to the second order, and she has not filed valid returns of service or met her burden to show cause for her failure to properly serve the individual defendants. Her attorney failed to appear for a status conference, and she has not filed anything else in this case. She has shown nothing to support the exercise of discretion to provide more time to accomplish service on individuals who were initially named as defendants in a complaint filed on August 6, 2021. The docket reflects no additional attempts to accomplish service or any indication that she ever attempted to serve the defendants or to obtain waivers from them. Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

## IV. RECOMMENDATION

The plaintiff's claims against the individual defendants should be **DISMISSED without**

**prejudice** *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m), and final judgment should be entered, unless the plaintiff files valid proof of service for the individual defendants within the time for objecting to this recommendation, or by some other deadline set by the Court..

    **SO RECOMMENDED** on this 9th day of August, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE